No. 1799.—MARY RILEY, wife of Frank Quirk, v. HER HUSBAND.

In this case the wife brought suit against her husband for a separation from bed and board,.
and for her share in the community. An injunction issued against the husband, restrain-
ing him from disposing of or otherwise using the community property pending the suit..
The husband gave a bond, with security, conditioned that he would restore the commu-
nity property in case it was finally decided that the wife was entitled to a separation from
bed and board. On trial, it was decided that the wife have a judgment of separation
from bed and board, and that the husband deliver to her, within ten days, her share of
the community property, in default of which the husband and his surety on the bond
were condemned, *in solido*, to pay the sum of eight thousand dollars   The defendant
and surety took separate appeals. Held—That, the surety, not being a party to the suit
for separation, the judgment rendered against him, condemning him solidarily with the
husband to pay the amount of the wife's judgment, was a nullity as to him. It was
further held that the judgment against the husband, being fully sustained by the
evidence in the record, must be affirmed against him, with a reservation of all the rights.
of the wife to recourse against the surety on the bond.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J.
Whitaker & Rice*, for plaintiff and appellee. *E. W. Huntington*,
for defendant and appellant. *J. L. Tissot*, for Auguste Couturie, surety,
appellant.

TALIAFERRO, J. This is a suit of a wife against her husband for
separation from bed and board, grounded upon the alleged cruel treat-
ment constantly inflicted upon her by the defendant, and which she
avers is insupportable, and renders it impossible for her to continue to
live with him. She therefore prays judgment, decreeing a separation
from bed and board; for the amount that may be found due her out of
the acquets and gains that have arisen during the existence of the
community between them; for an injunction restraining him from dis-
posing of any part of the community property during the pendency of
the suit, and also for the sum of one hundred dollars per month during
the same period, for her maintenance and support.

The court rendered an order granting the injunction prayed for, and
also assigning the house of the plaintiff's mother for her domicile
during the progress of the cause, and awarded one hundred dollars
per month for her maintenance.

The defendant released the injunction, by entering into bond, with
satisfactory security, in the sum of ten thousand dollars, conditioned
that he would deliver the property in the same state in which it was at
the time the injunction was issued, if a definitive judgment should be.
rendered against him in the suit.

The testimony introduced on the part of the plaintiff most fully sustains her allegations of ill treatment. Witnesses, whose testimony is not impeached or questioned, show the defendant to be a man of low, brutal disposition, passionate, vindictive, obscene in his language, insulting his wife without provocation, whipping her, threatening to kill her, boasting of his reputation of having killed one wife already. One of the witnesses, a female who lived in the house, stated that " at these whippings, he kicked and struck Mrs. Quirk several times ; " on one occasion he struck her in the face with his fist, and swelled her face; that he turned witness and Mrs. Quirk out of the house several times, using force when he did it; that, during the month of April, 1866, both the witness and Mrs. Quirk suffered for want of sufficient food; on one occasion, that the defendant took the dinner that was cooking on the furnace and threw it in the slop bucket; that he never ate at home.

On the eighth of November, 1867, judgment of separation from bed and board was rendered, and on the twenty-seventh of March following a judgment was rendered, decreeing that the defendant deliver to the plaintiff her undivided half interest in certain property specified in the judgment, within ten days from the signature of the same, and, in default thereof, that plaintiff recover from Frank Quirk and Auguste Couturie, surety on his injunction bond, *in solido*, the sum of eight thousand dollars, with legal interest from judicial demand until paid, with the privilege allowed by law to married women, and costs of suit. From this judgment Couturie, the surety on the injunction bond, has appealed.

The appellant complains of the judgment, for the following reasons: First, because, from the evidence in the record, it is impossible to ascertain what effects composed the community at the dissolution of the marriage; second, the partition was not preceded by an inventory; third, the plaintiff was not entitled to a judgment for a specific sum, but for the amount found due on a settlement of the community ; fourth, the court should have ordered the mode of effecting the partition of the community; fifth, the property was not susceptible of division in kind, and a sale was necessary ; sixth, the community was not charged with the debts of the defendant, nor was his separate property deducted from the common effects.

The defendant took no appeal from the judgment decreeing a separation from bed and board.

The surety, not having been a party to the last judgment, decreeing an assignment to the plaintiff of one-half the community property, or, in default thereof, the payment of eight thousand dollars, for which the principal and surety were held bound solidarily, the judgment is null, as to him.

It is therefore ordered that the judgment of the lower court, as to the appellant, be annulled, avoided and reversed. It is further decreed by this judgment that all the rights of the plaintiff under the bond to recover against the surety, are specially reserved to her. It is further ordered that the plaintiff and appellee pay the costs of this appeal.

## On Application for Rehearing.

TALIAFERRO, J. In this case, our attention being called to an omission of the court to pass upon the appeal taken by the defendant, Quirk, from the judgment rendered in the lower court against him and his surety, Auguste Couturie, on the first of April, 1868, we now order, adjudge and decree that said judgment, so far as relates to Frank Quirk, the defendant, be affirmed, with costs.